IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

KENNETH JORDAN,

            Petitioner,

     v.

PAROLE DEPT.; KERRIE BEHRMAN, P.O.;
and SUPERVISOR PETE ROBERG,

            Respondents.

Civil No. 3:11-cv-870-AC

FINDINGS AND RECOMMENDATION

KENNETH JORDAN
10 N. Weidler St.
Apt. #418
Portland, OR  97227

            Petitioner *Pro Se*

ELLEN F. ROSENBLUM
Attorney General
SAMUEL A. KUBERNICK
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR  97301

            Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION -

ACOSTA, Magistrate Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254 *pro se*. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus [10] should be DENIED.

## BACKGROUND

In 1984, Petitioner was convicted on four charges, and the trial judge entered four consecutive indeterminate sentences of five years each, for a total of 20 years. In 1988, Petitioner received an additional 18 years of consecutive sentences. At the time he committed the crimes for which he was sentenced in 1988, Petitioner was on parole from the 1984 sentences. The 1984 sentences had not expired.

In June 2008, Petitioner filed a petition for writ of habeas corpus in state court. Petitioner alleged the Oregon Department of Corrections' Offender and Sentencing Computation Unit ("OSIC") erred in calculating the start date for Petitioner's 1988 sentence. Petitioner argued that, under Oregon law, because the trial court imposed consecutive sentences for the 1988 crimes committed while Petitioner was on parole, the sentences imposed in 1984 were "wiped out."

The State moved to dismiss the petition for writ of habeas corpus. The State argued that Petitioner failed to allege sufficient facts, namely the dates on which he committed the 1988 crimes, and as a result the petition did not show that the rule at issue applied to Petitioner's case. The State also argued, however, that application of correct state law in effect at the time of Petitioner's 1988 crimes did not entitle Plaintiff to relief. The state habeas corpus trial judge dismissed the petition, stating:

> [The State] argues that [Petitioner's] replication fails to state sufficient facts to constitute a claim for relief. I agree with the [State]. Specifically, for the reasons

set forth in [the State's] motion and its reply, I find that [Petitioner's] Petition for habeas corpus relief should be dismissed.

Resp. Exh. 109.

Petitioner appealed the denial of habeas corpus relief. On appeal, the State again argued Petitioner was not entitled to relief because of procedural irregularities in his Petition and that Petitioner was not entitled to relief on the merits of his claim. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Resp. Exhs. 115, 116.

On October 3, 2011, Petition filed his *pro se* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in this Court. Petitioner alleges two claims for relief:

> **Ground One:** My due process rights have been violated.
> **Supporting Facts:** The ODOC records office did not give me credit for time served, on sentences, the parole board set a term of 48 months on, which petitioner served. The records office did not give petitioner credit for the last 8 months of the 48 month term.
>
> **Ground Two:** The ODOC records office also stop [sic] and started the term set by the parole board top the term 40 months into the 48 month term, waited 8 yr. and started it running again, the ORS say the parole board sets the term to be served on sentence the records office does not have the right to stop and restart a prison term set by the parole board. What they should have done was start the next sentence running in the prison sentence scheme, which would have been one of the Robb II.

Respondent contends Petitioner is not entitled to relief because the Petition fails to state a claim upon which relief may be granted under 28 U.S.C. § 2254.

## DISCUSSION

A federal court, in conducting habeas review, is limited to deciding whether a state court decision violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011) (per curium). Federal habeas corpus relief is not

3 - FINDINGS AND RECOMMENDATION -

available for errors in the application of state sentencing laws absent a showing of fundamental unfairness. *See Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) ("absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief"). However, a state court's arbitrary disregard of state sentencing law and imposition of an unauthorized sentence may violate the defendant's due process rights. *Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980).

Petitioner's "due process" claim arises from what he considers to be an erroneous calculation of his 1988 sentence start date under the relevant state law.[1] In its Motion to Dismiss Petitioner's state habeas corpus action, and again on appeal, the State specifically argued that the calculation was proper under Oregon law because of the timing of Petitioner's crimes. The State cited *Walters v. Hill*, 221 Or. App. 357, 189 P.3d 1273 (2008), in which the Oregon Court of Appeals directly rejected the argument advanced by Petitioner.

The state habeas trial judge dismissed the petition "for the reasons set forth the in [the State's] motion and reply . . . ." Resp. Exh. 109. The judge concluded, as a matter of state law, that the calculation of Petitioner's sentence was correct. Such a determination was not only supported by Oregon law, but is also not subject to review by a federal court. *See Mendez v. Small*, 298 F.3d 1154, 1158 (9th Cir. 2002) ("[a] state court has the last word on the interpretation of state law")

---

[1] Petitioner did not file a brief in support of his Petition, so the Court is without the benefit of argument from him on each ground for relief. A review of the underlying state record, however, reveals that although Petitioner frames the issue in two separate grounds for relief, the two issues actually dovetail into one claim for relief: that Petitioner's due process rights were violated when the ODOC records division failed to correctly calculate the start date. There is no indication on the record of any failure of ODOC to apply credit for time served on the 1988 sentences.

4 - FINDINGS AND RECOMMENDATION -

(citations omitted); *see also Estelle McGuire*, 502 U.S. 62, 67-68 (1991) ("we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). Moreover, a state law issue cannot be mutated into one of federal constitutional law merely by invoking the specter of a due process violation. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996), *cert. denied*, 522 U.S. 881 (1997).

Because the Oregon Department of Corrections correctly calculated the start date for Petitioner's 1988 sentences under Oregon law, Petitioner cannot prevail on a due process claim in this habeas corpus action. Accordingly, habeas corpus relief should be denied.

## RECOMMENDATION

For these reasons, the Amended Petition for Writ of Habeas Corpus [10] should be DENIED, and judgment of dismissal should be entered.

A certificate of appealability should be DENIED as Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due October 25, 2012. If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

5 - FINDINGS AND RECOMMENDATION -

A party may respond to another party's objections within 14 days after the objections are filed. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this 10th day of October, 2012.

John V. Acosta
United States Magistrate Judge