IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**KENNETH JORDAN**,

        Petitioner,

    v.

**PAROLE DEPARTMENT et al.**,

        Respondents.

No. 3:11-cv-00870-AC

OPINION AND ORDER

**MOSMAN, J.**,

On October 10, 2012, Magistrate Judge Acosta issued his Findings and Recommendation ("F&R") [24] in the above-captioned case recommending that the Amended Petition for Writ of Habeas Corpus [10] be denied and that a judgment be entered dismissing this case with prejudice. Judge Acosta also recommended that I decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). Petitioner objected [27].

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or

1 – OPINION AND ORDER

recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

Upon review, I agree with Judge Acosta's recommendation, and I ADOPT the F&R [24] as my own opinion. I also make one clarification in response to Petitioner's objections. Petitioner claims to have not used the language "wiped out" and objects to its use to describe his argument in state court. The language "wiped out" comes from an Oregon Court of Appeals case that interpreted Or. Admin. R. 255-35-022. *See Roof v. Bd. of Parole*, 85 Or. App. 188 (1987). Even if petitioner did not explicitly use that language, Judge Acosta's use of it is an accurate description of petitioner's argument.

IT IS SO ORDERED.

DATED this  11th   day of January, 2013.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

2 – OPINION AND ORDER